**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor
and Debtor-in-Possession,
Coastal International, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 19-31326-HLB |
| COASTAL INTERNATIONAL, INC., a Nevada corporation, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **MOTION FOR ORDER APPROVING DEBTOR'S PAYMENT OF BRUCE GREEN'S SALARY PURSUANT TO DEBTOR'S ORDINARY COURSE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRUCE GREEN IN SUPPORT THEREOF** |
| | Date:    April 30, 2020<br>Time:    10:00 a.m.<br>Place:   450 Golden Gate Avenue<br>          Courtroom 19<br>          San Francisco, CA 94102<br>Judge:   Hon. Hannah L. Blumenstiel |

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

Coastal International, Inc., debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 bankruptcy case ("Case"), submits this *Motion for Order Approving Debtor's Payment of Bruce Green's Salary Pursuant to Debtor's Ordinary Course of Business* (the "Motion"). In support of the Motion, the Debtor submits the following

1267269.1                                                                                            MOTION

memorandum of points and authorities and declaration of Bruce Green, and respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

By this Motion, the Debtor requests formal approval of the payment of the salary of its Chief Executive Officer, Chief Financial Officer and President, Bruce Green ("Green"). Debtor brings this Motion in an abundance of caution, as the payment of Green's salary is a transaction in the ordinary course of business for the Debtor, and therefore does not require notice and a hearing pursuant to 11 U.S.C. § 363. Debtor followed Northern District of California procedures for paying and disclosing payments to Green. Debtor spoke with the Office of the United States Trustee regarding the compensation to be paid to Green. Debtor also disclosed the compensation to the Official Committee of Creditors Holding Unsecured Claims ("Committee"), and the Committee did not oppose such compensation. Notwithstanding the above, American Home Assurance Company ("AHAC") has commenced an adversary proceeding against the Debtor seeking *inter alia* disgorgement of any and all amounts paid to Green and an injunction against the Debtor from paying any further salary. Debtor brings this Motion for Court approval of the compensation paid to Bruce Green in an attempt to resolve this issue, notwithstanding the fact that the Motion itself is likely not necessary in light of the fact that this compensation is within the ordinary course of business and within Debtor's business judgment.

### II. FACTUAL BACKGROUND

#### A. The Bankruptcy Filing

On September 15, 2019 (the "Petition Date"), the Debtor commenced the Case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"). The Debtor continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### B. Transfer of Debtor's Case to the Northern District

On December 30, 2019, this case was transferred from the Central District of California to the Northern District of California.

### C. AHAC's Adversary Proceeding

AHAC commenced an adversary proceeding against the Debtor on April 2, 2020, commencing case number 20-03009 ("Adversary Proceeding") seeking *inter alia* disgorgement of any and all amounts paid to Green and an injunction against the Debtor from paying any further salary.

### D. Debtor's Business Operations

Debtor is a Nevada corporation formed in 1984, which provides trade show installation and dismantling services in the exhibit and event industry. Debtor has continued to operate post-petition. Debtor has filed numerous post-petition monthly operating reports. Debtor's most recent monthly operating report indicates that Debtor continues to operate successfully post-petition.

#### 1. Green's Role in the Debtor

Green is the Chief Executive Officer ("CEO") of the Debtor. Not only is Green the CEO of the Debtor, but Green is additionally the President and Chief Financial Officer ("CFO") of the Debtor. Green is an integral part of the Debtor and without Green, Debtor would absolutely be unable to operate successfully.

As CEO, Green handles operations management, office management, sales management, account managers supervision, and liaison with unions. Relating to his role as CFO, Green manages contract accountants, including Debtor's financial advisor, Force 10, maintains daily contact with TAB Bank and manages the line of credit of the Debtor, and manages in-house accounting staff. Additionally, Green manages staff downsizing and communicating with corporate clients regarding strategies and news relating to projects, a task with new significance in light of the massive effects of COVID-19 on the status of trade shows. Green is also responsible for handling the reorganization and bankruptcy matters on behalf of the Debtor that arise during the chapter 11 proceeding.

Each of these tasks is essential to the Debtor's successful operation, and none of Green's tasks are irrelevant, inappropriate, or unnecessary.

## 2. Bruce Green's Post-Petition Compensation is Reasonable and Appropriate

Green's pre-petition salary from the years of 2012-2019 is as follows:

2012 - $422,600.20;

2013 - $372,600.20;

2014 - $698,608.20;

2015 - $340,664.61;

2016 - $582,600.20;

2017 - $547,600.20;

2018 - $337,156.80; and

2019 - $359,105.24.

Ignoring the fact that Green was not paid any amounts from the Petition Date through the end of 2019, the past eight years show Green's average salary at approximately $8,800.33 per week. All of the above compensation information was provided to AHAC in the form of W-2s many months ago. Moreover, this information was again provided to AHAC in connection with its request for justification of the compensation paid to Green.

Green waived his compensation from the Petition Date through the end of 2019. As a result, from September 15, 2019, through December 31, 2019, Green received no compensation for his work with the Debtor. Beginning on January 1, 2020, Green began receiving a gross weekly salary of $7,000, over $1,800 less weekly than his historically approximate salary. Furthermore, as of March 1, 2020, Green's gross weekly salary was reduced to $3,500, more than $5,300 less weekly than his historically approximate salary.

## III. LEGAL ANALYSIS

### A. Debtor Has Authority to Make Payments in the Ordinary Course of Business

Debtor, as debtor-in-possession in the above-captioned chapter 11 case, has the authority to make payments in the ordinary course of business without notice or a hearing. Section 363(c)(1) states that:

> If the business of the debtor is authorized to be operated under section 721, 1108, 1183, 1184, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). Section 1107 grants to a debtor in possession "all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter." As a result, Section 1107 grants the Debtor the authority, pursuant to § 363(c)(1), to enter into transactions in the ordinary course of business without notice or a hearing. The payments to Green, as shown below, are in the ordinary course of business and within the business judgment of the Debtor, therefore, Debtor is authorized to make such payments.

### B. Payments to Green Were in the Ordinary Course of Business

To determine whether payments are in the ordinary course of business, courts look to two tests, a "vertical" test and a "horizontal" test. *See In re Dant & Russell, Inc.*, 853 F.2d 700 (9th Cir. 1988). The "vertical" test asks whether the transaction subjects creditors to economic risks different from those accepted at the time of contract with the debtor, and the "horizontal" test asks whether the transaction is the type that similar businesses engage in as part of their ordinary business operations. *In re Wonderwork, Inc.*, 611 B.R. 169 (Bankr. S.D.N.Y. 2020) (citing *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379 (2d Cir. 1997). Compensation paid to the CEO, CFO and

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

President of a debtor is generally ordinary course of business payments unless the compensation is truly outrageous or otherwise abnormal. *In re Saxton, Inc.*, 2007 WL 7540972 (9th Cir. B.A.P. 2007) ("Generally, salaries for employees of a debtor in possession are within the ordinary course of business entitled to administrative expense status under § 364(a)."); *see In re Wonderwork, Inc.*, 611 B.R. 169.

The payments to Green satisfy both the "vertical" and "horizontal" tests. The payments to Green do not in any way subject the creditors of the Debtor to economic risks different from those accepted at the time of contract with the Debtor. In fact, the payments to Green are significantly *less* than his historical salary. Therefore, any change to the economic risks of the Debtor as a result of the new payment arrangement with Green has only benefited creditors, since Green waived his salary for the first four months of the bankruptcy and has agreed to accept less than his historical salary beginning on January 1, 2020, and far less beginning March 1, 2020. There is no question of prejudice since no creditor doing business with the Debtor would assume the Debtor would simply not pay its CEO, CFO, and President. Additionally, since the payments are even less than the historical payments to Green, the payments certainly pass the "vertical" test.

The payments additionally pass the "horizontal" test. In *Wonderwork*, the Court analyzed the payments to a CEO post-petition and found that, even though the CEO in that case was earning a "high" salary compared to other similar businesses at $475,000 per year (or $9,134.62 per week), it was within the parameters of similar CEOs. Here, there is little doubt that CEOs at similar businesses earn more than the $3,500 per week projected to be paid to Green. In fact, this very business paid on average $8,800 to Green in the 8 years prior to the Petition Date. There is absolutely no evidence that the payments to Green fail the horizontal test because of their amount. The amount to be paid to Green is reasonable given the essential and significant services he provides to the Debtor. As a result, the payments pass the "horizontal" test. Therefore, the payments to Green are ordinary course of business payments that the Debtor can make absent notice and a hearing and based upon its business judgment.

### C. Other Sections Inapplicable

There are no other sections in the Bankruptcy Code applicable to the Court authorization of the payments to Green and the filing of the Adversary Proceeding by AHAC is improper and without basis.

Section 501(c) contains types of payments to insiders that are not authorized under the Code. Section 501(c)(1) is inapplicable since the compensation to Green is not for "retention" intended to induce Green to stay with the business. Rather, Green worked for several months for the Debtor without receiving any compensation at all. Section 501(c)(2) is likewise inapplicable because it applies only to severance payments to insiders. Further, Section 501(c)(3) is inapplicable because it only applies to transfers or obligations outside the ordinary course of business. Finally, section 363(b) is inapplicable for the same reason: the compensation to Green constitutes payment in the ordinary course of business.

The Debtor fully disclosed the compensation to Green through the monthly operating reports. The Committee has not opposed the payment of Green's compensation. AHAC is a member of the Committee, and has taken the extraordinary step of filing the Adversary Proceeding with respect to the ordinary course of business payments by the Debtor to its CEO, CFO, and President. Green's compensation is reasonable and appropriate based upon his extensive responsibilities as outlined herein. Debtor believes based upon consultation with outside advisor that the compensation paid to and proposed to be paid to Green is reasonable and within the industry standard. Debtor seeks resolution of this issue through the Motion so that Green may continue his services to the Debtor without the cloud of litigation filed by AHAC.

### IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order:

1. Granting the Motion;

2.	Approving the amounts previously paid to Bruce Green as an appropriate action taken by the Debtor in the ordinary course of business and within the Debtor's business judgment;

3.	Approving the amounts projected to be paid to Bruce Green as an appropriate action taken by the Debtor in the ordinary course of business and within the Debtor's business judgment; and

4.	Granting such other and further relief as the Court may deem just and appropriate.

Dated: April 9, 2020                                         WEILAND GOLDEN GOODRICH LLP


By:  */s/ Jeffrey I. Golden*
     JEFFREY I. GOLDEN
     Attorneys for Debtor and
     Debtor-in-Possession,
     Coastal International, Inc.

# DECLARATION OF BRUCE GREEN

I, Bruce Green, declare as follows:

1. I am the Chief Executive Officer of Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 case. In my role as Chief Executive Officer, I am familiar with the daily operations of the Debtor's business. Except as otherwise noted, I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could testify competently thereto. I am submitting this Declaration in support of the Debtor's *Motion for Order Approving Debtor's Payment of Bruce Green's Salary Pursuant to Debtor's Ordinary Course of Business* (the "Motion"). All capitalized terms set forth in the Motion are incorporated herein by this reference.

2. On September 15, 2019 (the "Petition Date"), the Debtor commenced the Case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court").

3. On December 30, 2019, Debtor's case was transferred from the Central District to the Northern District of California.

4. AHAC commenced an adversary proceeding against the Debtor on April 2, 2020, commencing case number 20-03009 ("Adversary Proceeding").

5. The Debtor continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. As is evident from the Debtor's operating reports, the Debtor is paying its post-petition obligations as they become due. The Debtor is also current on all post-petition fess to the Office of the United States Trustee.

7. In addition to being the CEO of the Debtor, I am also the acting President and Chief Financial Officer of the Debtor.

8. Pursuant to my duties as CEO, I handle operations management, office management, sales management, account managers supervision, and liaison with unions.

9. Pursuant to my duties as CFO, I manage contract accountants, including Force 10, maintain daily contact with TAB Bank and manage the line of credit of the Debtor, and manage in-house accounting staff.

10. Additionally, I manage staff downsizing and communicating with corporate clients regarding strategies and news relating to projects. This is especially significant to the Debtor now in light of the effects of COVID-19.

11. I am also responsible for handling the reorganization and bankruptcy matters on behalf of the Debtor that arise during the chapter 11 proceeding.

12. On average, I work approximately 45 hours per week.

13. The amounts I was paid as a salary from 2012-2019 are as follows:

2012 - $422,600.20;

2013 - $372,600.20;

2014 - $698,608.20;

2015 - $340,664.61;

2016 - $582,600.20;

2017 - $547,600.20;

2018 - $337,156.80; and

2019 - $359,105.24.

14. I was not paid any compensation from September 15, 2019 through December 31, 2019.

15. My compensation paid from January 1, 2020 to February 29, 2020 and my current compensation as of March 1, 2020 is less than my pre-petition compensation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of April, 2020 at Sausalito, California.

*Bruce Green*
BRUCE GREEN

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 Town Center Drive, Suite 600, Costa Mesa, California 92626.

On April 9, 2020, I served the within document(s) described as:

**Motion for Order Approving Debtor's Payment Of Bruce Green's Salary Pursuant To Debtor's Ordinary Course Of Business; Memorandum of Points and Authorities and Declaration of Bruce Green in Support Thereof**

on the interested parties in this action as stated on the attached mailing list.

[X] **(BY THE COURT VIA NOTICE OF ELECTRONIC FILING [NEF])** The foregoing document(s) will be served by the court via NEF and hyperlink to the document. On April 9, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive the NEF transmission at the email addresses stated on the attached list.

[X] **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2020, at Costa Mesa, California.

_____          _____
         Victoria Rosales                              (Signature)
       (Type or print name)

1

## SERVICE LIST

**BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Reem J. Bello**  rbello@wgllp.com, kadele@wgllp.com
- **Jared A. Day**  jared.a.day@usdoj.gov, ankey.to@usdoj.gov
- **Stephen D. Finestone**  sfinestone@fhlawllp.com
- **Beth E. Gaschen**  bgaschen@wgllp.com
- **Jeffrey I. Golden**  jgolden@wgllp.com, kadele@wgllp.com
- **Douglas Harris**  douglas.harris@alston.com, douglas.harris@duke.edu
- **Jennifer C. Hayes**  jhayes@fhlawllp.com
- **Alan C. Hochheiser**  ahochheiser@mauricewutscher.com
- **William W. Huckins**  whuckins@allenmatkins.com
- **Leib Lerner**  leib.lerner@alston.com
- **William F. McCormick**  bill.mccormick@ag.tn.gov
- **Jessica Georgia McKinlay**  mckinlay.jessica@dorsey.com, egovia.maria@dorsey.com
- **Office of the U.S. Trustee / SF**  USTPRegion17.SF.ECF@usdoj.gov
- **Matthew Jon Olson**  olson.matt@dorsey.com, stell.laura@dorsey.com
- **Derrick Talerico**  dtalerico@ztlegal.com, sfritz@ztlegal.com
- **Steven T. Waterman**  waterman.steven@dorsey.com, bingham.karen@dorsey.com
- **Ryan A. Witthans**  rwitthans@fhlawllp.com

**BY MAIL:**

| | |
|---|---|
| Coastal International, Inc.<br>2832 B Walnut Avenue<br>Tustin, CA 92780-7002<br>**Debtor** | TN Dept. of Revenue<br>c/o TN Attorney General's Office,<br>Bankruptcy Division<br>PO Box 20207<br>Nashville, TN 37202-0207<br>**Request for Special Notice** |
| Derrick Talerico<br>David B. Zolkin<br>Zolkin Talerico LLP<br>12121 Wilshire Blvd., #1120<br>Los Angeles, CA 90025<br>**Attorney for Committee** | Kimberly E. Neureiter<br>Pension Benefit Guaranty Corporation<br>1200 K. Street, N.W.<br>Washington, D.C. 20005<br>**Request for Special Notice** |
| Global Experience Specialists<br>c/o Kevin J. Larner, AIG<br>Associate General Counsel, Litigation<br>General Insurance<br>80 Pine Street, 13th Floor<br>New York, NY 10005<br>**Committee Member** | Office of the United States Trustee<br>Attn: Jared A. Day<br>300 Booth Street, Rm. 3009<br>Reno, NV 89509<br>**Request for Special Notice** |
| Jesus Lopez<br>4585 San Juan Ave.<br>Fremont, CA 94536<br>**Committee Member** | Matthew J. Olson<br>Dorsey & Whitney LLP<br>305 Lytton Avenue<br>Palo Alto, CA 94301<br>**Request for Special Notice** |
| Wallace Randall<br>38 Red Hill Circle<br>Tiburon, CA 94920<br>**Committee Member** | Stephen F. Finestone<br>Jennifer C. Hayes<br>Finestone Hayes LLP<br>456 Montgomery Street, 20th Floor<br>San Francisco, CA 94104<br>**Request for Special Notice** |
| Kathy Spangler<br>554 16th Avenue<br>San Francisco, CA 94118<br>**Committee Member** | Internal Revenue Service (IRS)<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br>**Internal Revenue Service** |
| Willwork Inc.<br>c/o Kimberly Fisher<br>23 Norfolk Avenue, Suite A<br>South Easton, MA 02375<br>**Committee Member** | Securities Exchange Commission<br>U.S. Securities and Exchange<br>Commission<br>Attn: Bankruptcy Counsel<br>444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591<br>**Securities Exchange Commission** |
| Maurice Wutscher LLP<br>Alan C. Hochheiser, Esq.<br>23611 Chagrin Blvd., Suite 207<br>Beachwood, OH 44122<br>**Request for Special Notice** | |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002